IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHA JAMES MOUNT, #247202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-928-TMH |
| ) | |
| ALTHEA C. TOWNSEND, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Josha James Mount ["Mount"], a state inmate, names Lt. Althea C. Townsend, Sgt. M. Freeman and officer Malcolm E. Scott, correctional personnel employed at Ventress Correctional Facility, and Dustin Peppers, an inmate at Ventress, as defendants in this cause of action. Mount complains that on December 2, 2013 he was attacked by inmate Peppers and improperly sprayed with a chemical agent by officer Scott during the course of the attack. He further alleges that defendants Townsend and Freeman failed to protect him from attack by inmate Peppers.

Upon review of the allegations contained in the complaint, the court concludes that the plaintiff's claim against inmate Peppers is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court entered an order granting Mount leave to proceed *in forma pauperis* in this case. *December 19, 2013 Order - Doc. No. 3*. Despite Mount's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss any claim prior to service of process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages

## I. DISCUSSION

Mount asserts that inmate Dustin Peppers "maliciously attacked" him without provocation. *Complaint - Doc. No. 1* at 3. Under applicable federal law, the claims presented against this individual provide no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires ... that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted). An inmate is not a state actor and his actions are not attributable to the State. In light of the foregoing, the court concludes that the instant claim on which Mount seeks to proceed against inmate Peppers is frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claim against inmate Dustin Peppers be DISMISSED as frivolous prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Dustin Peppers be DISMISSED as a defendant in this cause of action.

3.  This case, with respect to the allegations set forth against defendants Townsend, Freeman and Scott be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 10, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

DONE, this 27th day of January, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE