IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA JAMES MOUNT, #247202, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-928-TMH |
| ) | [WO] |
| ) | |
| ALTHEA C. TOWNSEND, et al., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joshua James Mount ["Mount"], an indigent state inmate. In the instant complaint, Mount alleges that correctional officers failed to protect him from attack by another inmate and used unnecessary force – i.e., pepper spray – in stopping the physical altercation between himself and the other inmate. *Complaint Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they address the claims for relief presented by Mount. The report and evidentiary materials address the conclusory allegations presented by Mount in the complaint. Specifically, the defendants maintain that they did not act with deliberate indifference to Mount's safety as they were not responsible for his confinement with the other inmate nor did they have any knowledge that this inmate posed a threat of harm to Mount. In addition, the defendants assert that the use of pepper spray by officer Scott constituted an appropriate use of force as Scott deemed such action necessary to end the physical altercation after Mount and the other inmate failed to obey an

order to stop fighting.

In light of the foregoing, the court issued an order directing Mount to file a response to the defendants' written report. *Order of March 20, 2014 - Doc. No. 14*. The order advised Mount that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Mount for filing a response in compliance with the directives of this order expired on April 7, 2014. As of the present date, Mount has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Mount is indigent; thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Mount's inaction in the face of the defendants' report and the overwhelming evidence refuting the claims raised herein suggests that Mount has determined that proceeding with this case is futile. Finally, the undisputed evidentiary materials submitted by the defendants indicate that the altercation among the inmates did not occur due to any deliberate indifference on the part of the defendants and the force used against Mount was necessary to gain control of the inmates and avert escalation of a volatile situation and, as such, did not violate the Constitution. It therefore appears that any additional effort by this court to secure the plaintiff's

compliance would be unavailing. Consequently, the court concludes that Mount's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before June 19, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 5th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE